A. ASHDOWN, Appellant, v. H. M. ELY, Appellee.

**Landlord and tenant:** ACTION FOR RENT: SUBMISSION OF ISSUES. 1 Where the plaintiffs claim for rent was based entirely upon an oral modification of a written lease, he cannot complain that the court referred to the same in its statement of the issues as an oral contract.

**Same:** REPAIR OF FENCES: DAMAGE TO CROPS: INSTRUCTION. Although 2 a landlord may have failed to furnish material for repairing fences as required by the lease, the tenant cannot on that account permit his own hogs to consume or destroy growing crops in which the landlord has a rent share. If he does so he liable to the landlord for the value of such rent share. For the landlord's breach of contract in failing to furnish material for repair, the tenant has an appropriate remedy. But such breach by the landlord is not available to the tenant as a defense as against the landlord's right to his rent share, nor will it preclude the landlord from recovering of the tenant the value of his rent share of corn consumed by the tenant's hogs. The instruction of the trial court to the contrary effect was erroneous. The rule announced therein would improperly subject the landlord to an indefinite liability for consequential

damages. Its effect would be to permit the tenant to recover for the landlord's breach, all the damage which the tenant's hogs could collect for him from the landlord by the consumption of grain in which the landlord has a rent share. In this case, however, the landlord plaintiff neither alleged nor proved any value to the grain so consumed, nor to his rent share thereof. He could not therefore, recover upon this item, and the instruction complained of was therefore not prejudicial, though erroneous.

**Landlord and tenant:** REPAIRS. Under a lease requiring a landlord to furnish material that he might consider needful for repairs, and there was evidence that the landlord refused to furnish material which the tenant obtained and sought to charge him with, the question of whether it was reasonably necessary was for the jury.

**Apportionment of costs.** An apportionment of costs is largely a matter of discretion, and where the verdict for plaintiff indicated a recovery on defendants counterclaim, it was not an abuse of that discretion to apportion the costs equally.

**Admission of evidence:** WAIVER OF ERROR. A party cannot complain of the admission of evidence where the court reserved a ruling on the objection thereto and the matter was not again called to the attention of the court, or a ruling requested or exception saved.

*Appeal from Monona District Court.*—HON. DAVID MOULD, Judge.

MONDAY, OCTOBER 26, 1908.

REHEARING DENIED THURSDAY, JANUARY 21, 1909.

ACTION to recover rent. Counterclaim by defendant for alleged services and for alleged damages for breach of contract. Verdict and judgment for the plaintiff for part only of his claim, and the plaintiff appeals.—*Affirmed.*

*C. R. Metcalf,* for appellant.

No appearance for appellee.

EVANS, J.—In January, 1905, the plaintiff leased to

the defendant certain premises for one year from March 1, 1905, for an agreed rental of two-fifths of all crops and $75 to be paid for pasture land. At the expiration of this lease it was renewed by oral agreement, with an oral modification that it should include thirty-five acres additional. The plaintiff contends that there was a fur- ther oral modification that the pasture land, which con- sisted of sixty-six acres for the ensuing year, instead of twenty-five acres as in the preceding year, should bear a rental of $3 per acre, and this contention the defendant denies. The plaintiff sued for $198 for rent of pasture land, and for $50 value of fruit, and for 500 bushels of corn, which he says was due him and was not delivered, and for certain potatoes. The defendant counterclaimed for pasturing certain colts and calves, and for the expense of certain material used in repairing the premises, and for damages for breach of an alleged contract of renewal of the lesase for the year commencing March 1, 1908.

I. The plaintiff's first complaint is that the court erred in its statement of the issues to the jury, in that it referred to the lease as an oral contract, whereas the con-

1. LANDLORD AND TENANT: action for rent: sub- mission of issues.

tract between the parties was in writing. The plaintiff has no ground of complaint in this regard. His claim for $198 for pasture rent was based wholly upon an oral modifi- cation of the lease, and to that extent, at least, it was an oral contract.

II. The plaintiff complains of instruction No. 6 given by the court, which is as follows: "Defendant has introduced evidence to show that the hogs got into the

2. SAME: instruction: damages.

corn by reason of the fence being out of repair. And you are instructed that if you find from the evidence that the defendant was ready and willing to repair said fence before any damage was done by the hogs to the crop, and that he applied to plaintiff for material to repair said fence, and

plaintiff failed or refused to furnish the same, and by reason of the failure to repair the fence the hogs got into the corn and did damage, and you further find that defendant did not intentionally allow the hogs to feed upon the corn, then the defendant would not be liable in this case for two-fifths of the corn so consumed and destroyed." The lease contains the following provision: "The second party shall keep the premises, including the hedges and fences, in proper repair provided the landlord shall furnish the necessary material that he or his agent may consider needful to repair the same, within a reasonable time after being notified." The instruction quoted is manifestly based upon the foregoing provision of the lease. We are not prepared to approve it. It presents a case of breach of contract on the part of the landlord, and subjects him to an indefinite liability for consequential damages. It would allow defendant to recover of plaintiff for breach of contract all the damages which his hogs could collect. Defendant could have obtained the material, and charged the cost of it to plaintiff, as he did in the instance shown in the next division hereof. We have, however, examined the evidence and the pleadings, and find that they are insufficient to have warranted any recovery in favor of plaintiff for corn alleged to have been eaten by the hogs. No value is alleged or proven. The prayer of the petition is for "500 bushels of corn." The instruction, therefore, whether right or wrong, is without prejudice.

III. The plaintiff assigns error in paragraph 12 of the court's instructions, on the ground that the evidence does not show that defendant ever asked plaintiff to furnish any of the material for the repairs obtained by defendant, and by him charged to plaintiff. If we are to look at the defendant's cross-examination alone, plaintiff's counsel might be justified in this contention. But we find, upon the examination in chief of the defendant, and again in redirect

3. LANDLORD
   AND TENANT:
   repairs.

examination, that he did testify that he made demand for such material. Having done so, it was a question for the jury whether the repairs were reasonably necessary.

IV. The plaintiff further complains because of the refusal of the court to withdraw from the consideration of the jury the item of damages claimed for the breach of the alleged contract of extension of the lease, on the ground that the evidence failed to show that any agreement was entered into between the parties. We have examined the evidence of the defendant in that regard and find that, while it was not strong or satisfying, it was sufficient to go to the jury.

V. The court taxed one-half of the costs to the plaintiff, on the theory, doubtless, that an allowance had been made to the defendant on his counterclaim, and of 4. APPORTION- this defendant complains. Under the issues
MENT OF COSTS. in the case the jury could not have allowed a recovery of only $54 to the plaintiff, without allowing the defendant some amount on his counterclaim. The court was therefore justified in the assumption that there had been a recovery on such counterclaim. The apportionment of costs rested largely in the sound discretion of the court, and it was not an abuse of that discretion to apportion in the manner in which it did. We are not altogether satisfied with the record in this case, but we are not able to say that it contains reversible error. The lower court would have been justified in granting a new trial, but we can not say that it was bound to do so. The trial judge saw and heard the plaintiff's witnesses, and was doubtless governed by his view of the case as a whole, as thus presented.

Some objectionable evidence was received subject to the objection of plaintiff. In receiving the same the court stated that it would rule on the objections later, and determine at that time whether the evidence should be permitted in the record. The plaintiff did not afterward

bring the matter to the attention of the court, nor ask
for a ruling, nor save an exception. On the
record, therefore, we are not warranted in
reversing the case and awarding a new trial,

5. Admission
of Evidence:
waiver
of error.

although a larger verdict for plaintiff would have been
justified under the testimony. The plaintiff himself was
swift to bring his suit, and to levy a landlord's writ of
attachment upon defendant's property. He possibly en-
countered the sympathy which often and naturally obtains
in the jury box toward a defendant in that situation, and
found it an obstacle in the way of a full verdict. Neither
the law nor the courts can wholly prevent it, nor would
a new trial find it any less. This is one of the flexibili-
ties of the administration of the law in its application to
the weaker litigant. It were prudent if litigant plaintiffs
took account of it in advance, as one of the contingencies
in a case.

Inasmuch as we find no error in the record, the judg-
ment must be *affirmed*.