8122

JONES v. DEVEREUX.

1. APPEAL.—An objection to evidence not stating a ground will not be considered an appeal.
2. EVIDENCE.—Where a plat is offered and objection is made that it is not relevant and the Judge says he cannot then say whether it is relevant, but would decide the question during the argument if called to his attention, and objector does not call it to his attention again, there is no ground laid for an exception.
3. REAL PROPERTY.—ADVERSE POSSESSION to ripen into title must be in one person for ten years, but not against the same person for the same period.

Before ALDRICH, J., Richland, June, 1911.   Reversed.

Action by R. O. Jones against J. F. Devereux.   Defendant appeals.

*Mr. Walter T. Green,* for appellant, cites: *Issue of title is only triable by jury:* 52 S. C. 238; 23 S. C. 392; 28 S. C. 533; 31 S. C. 265.

*Messrs. Tompkins & Lee,* contra, cite: *Plat showing extent of claim is admissible:* 1 Brev. 546; 1 Spears 183; 14 S. C. 542; 16 S. C. 132; 48 S. C. 472.

March 6, 1912.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   The plaintiff alleges, that he is the owner of the land described in the complaint, upon which the defendant has trespassed, for which he demands damages, and seeks equitable relief by way of injunction, to prevent further trespasses.

The defendant answered the complaint, setting forth his sources of title, and claiming title by adverse possession.

The jury rendered a verdict in favor of the plaintiff with damages, and the defendant appealed upon exceptions, the first of which is as follows:

"That his Honor erred in admitting the testimony of G. McD. Hampton, as to an alleged agreement between the defendant and one Mrs. Williams, the error being that the plaintiff was neither a party or a privy to said agreement, said agreement not having been against the interest of defendant, and being an attempt to prove title by parol."

When the plaintiff's attorney offered to introduce the agreement in evidence, the defendant's attorney merely

said: "I object," but did not interpose the grounds of objection mentioned in the exception.

This exception is therefore overruled.

The second exception is as follows: "That his. Honor erred in admitting in evidence, a plat of the lands of Mrs. Williams (Exhibit 'D'), the same being no part of the plaintiff's chain of title."

The record contains this statement: Mr. Tompkins: "We offer in evidence plat of Chisolm dated June, 1892" (marked Exhibit 'D'). Mr. Green: "I object; nothing to do with his chain of title." The Court: "I cannot tell what papers are relevant, and what are not. When you go to discuss the evidence, after all the papers are in, you can then make your objections, and I will pass on them."

The record fails to show, that his Honor, the presiding Judge, was thereafter requested to rule upon said objection.

The third exception was not argued, and, therefore, will not be considered.

The fourth exception is as follows: "That his Honor erred in charging the jury, that the question at issue 'Is what we call in law a question of location,' the error being the issue between plaintiff and defendant, was the title to the land in dispute."

In his argument, the appellant's attorney says: "The paper title of plaintiff, to the tract described in his deed was admitted; as was the title of the defendant, to the tract described in his deed. * * * The difference between plaintiff and defendant, is the location of the Haskell corner." The respondent's attorney, also admits in his argument, that "the sole question in dispute, was over the location of the dividing line." There was, therefore, no error in said ruling.

The fifth exception is as follows: "That his Honor erred, in refusing defendant's fourth request to charge, being submitted to his Honor as follows: 'If the jury believe from

the evidence, that the defendant entered into possession of the land in dispute, at the date of his deed (1892), and maintained open, notorious and adverse possession of the same, up to the commencement of this suit (1907), they must find for the defendant.' The error being that the request as submitted, was a correct proposition of law applicable to the case. And in charging the jury, 'As written here, it is technically correct, but I am explaining adverse possession; if the plaintiff in this action came into possession less than ten years, that possession does not apply to him.' "

His Honor, the presiding Judge, seems to have entertained the opinion, that it was not only necessary for the party, asserting title by adverse possession, to show that the possession by him was continuous for ten years, but that it was also continuous against one and the same person, during that period.

We do not deem it necessary to cite authorities to show that the ruling of his Honor, the presiding Judge, was erroneous.

The sixth exception is as follows: "That his Honor erred in refusing to charge defendants fifth request to charge, which was submitted to him as follows: 'If the jury believe from the evidence that the defendant was in possession of the lands claiming them as his own for more than ten years prior to the purchase by the plaintiff (1905) and maintained such possession up to the commencement of this suit (1907), they must find for the defendant.' The error being that the request as submitted was a correct proposition of law applicable to the case. And his Honor erred in charging he must maintain adverse possession against the true owner for the whole period of ten years, the same man."

In refusing to charge the request herein, the Circuit Judge used language, similar to that used by him, in refus-

ing the request embodied in the fifth exception, and what has just been said disposes of this exception.

Judgment reversed and case remanded for a new trial.

MR. JUSTICE WATTS, *disqualified.* ·          ·