# Borough of Hanover, Appellant, *v.* Hanover Sewer Company.

*Boroughs—Sewerage companies—Condemnation proceedings — Eminent domain—Damages—Evidence — Charge of court — New trial.*

1. In a proceeding to ascertain the value of a sewerage system taken over by a borough under authority of the Act of April 19, 1901, P. L. 82, which authorized a municipality to acquire the property of a sewer company upon payment of the actual value thereof at the time of taking, proof of the original cost of con-struction, while not controlling, is competent evidence to be con-sidered as an element in ascertaining the present value.

2. In such case where the defendant company, when called upon, failed to produce the original contract for construction showing the prices paid for the labor and material which went into the work, an offer made on behalf of the borough to prove a copy of the contract by one of the engineers who was in active charge of the work of construction, to be followed by proof of the amount of labor, and quantities of materials furnished at the unit prices, so that the whole offer would have shown the cost of construction of the system, should have been allowed, where defendant's only an-swer to the offer was the production of a paper setting forth an agreement which was made the basis of a greatly inflated issue of bonds and stock, but contained no evidence as to the cost of con-struction.

3. The present value of the system, in such case, is the cost of reproduction less depreciation, and the exclusion of evidence that certain parts of the works required reconstruction or repair was erroneous.

4. In such case evidence of the amount of the company's indebt-edness had no bearing upon the question of the value of the system, and should have been excluded.

5. In such case an affirmative answer to a point which permitted the jury to include in their estimate of the value of the plant, the amount of deficits or losses in the business was erroneous.

6. In such proceeding the defendant company was entitled to compensation for the value of its business as a going concern and for whatever its franchises were actually shown to be worth, but where the privilege was not perpetual but was granted under a statute expressly empowering the municipality to take over the system at any time, the defendant company could have but little value as a going concern, and a point permitting the jury to take into consideration the value of the business as a going concern, but ignoring this feature was erroneously affirmed.

7. In such case an assignment of error complaining of the refusal of the court to strike out certain testimony as to expenditures for betterments, stating that it would be allowed to remain for the time being will be overruled where the request for the exclusion of such evidence was not subsequently renewed.

Argued May 19, 1915. Appeal, No. 367, Jan. T., 1914, by plaintiff, from judgment of C. P. York Co., Oct. T., 1913, No. 13, on verdict for defendant in case of Borough of Hanover v. Hanover Sewer Company. Before Brown, C. J., Potter, Elkin, Moschzisker and Frazer, JJ. Reversed.

Appeal from report of viewers in proceeding to ascertain value of sewerage system taken over by a borough in which Hanover Borough was plaintiff and the Hanover Sewer Co. defendant. Before Ross, J.

The facts appear by the opinion of the Supreme Court.

Verdict for defendant for $119,454.54 and judgment thereon. Plaintiff appealed.

*Errors assigned* were, among others, various rulings on evidence and the charge of the court.

*John L. Rouse,* with him *T. F. Chrostwaite,* for appellant.

*William Findlay Brown,* with him *Cochran, Williams & Kain,* for appellee.

Opinion by Mr. Justice Potter, October 4, 1915:

This was a proceeding to ascertain the value of the

sewerage system of the defendant company, which was taken over by the Borough of Hanover, under the provisions of the Act of Assembly of April 19, 1901, P. L. 82, which authorizes a municipality to acquire the property of a sewer company upon payment of the actual value thereof at the time of taking. As stated by counsel for appellee, the case was tried upon the theory that the actual present value of the physical property was to be determined by showing the cost of reproduction, less depreciation. The principle is unquestioned, that proof of the original cost of construction of a public utility, is competent evidence to be considered as an element in ascertaining present value. While not controlling, it is to be considered with other elements entering into the value. This is the doctrine of our own cases, and of those in the federal jurisdiction, as well. Thus in National Waterworks Co. v. Kansas City, 62 Fed. 853, Mr. Justice BREWER held that the original cost of the works should have been shown by the company as an aid to the court in reaching a just conclusion. In the present case, the defendant company, when called upon, failed to produce the original contract for the construction of the system, which would have shown the prices paid for the labor and materials which went into the work. An offer was then made on behalf of the borough to make proof of a copy of the contract, by one of the engineers who was in active charge of the work of construction. This was to be followed by proof of the amount of labor, and quantities of material furnished at the unit prices, so that the whole offer would have shown the cost of construction of the system, in so far as it was covered by the contract. The refusal of offers of testimony of this character is made the subject of the first and fourth assignments of error. The testimony was relevant and should have been admitted as tending to show the original cost of construction, which was an element to be considered in ascertaining the value of the plant. The paper identified as Exhibit No. 1, which was

produced by defendant company was in no sense an answer to the call of counsel for plaintiff. It set forth an agreement which was made the basis of a greatly inflated issue of bonds and stock, but it had nothing whatever to do with the actual cost of construction of the sewer system, and threw no light upon that subject. In the absence of any better evidence of the cost of construction, these offers on the part of the plaintiff should have been admitted. The first and fourth assignments of error are sustained.

As the method of ascertaining the value of the system consisted in ascertaining the cost of reproduction less depreciation, it is difficult to understand why the court below rejected certain offers of evidence, by the plaintiff, which tended to show depreciation of the system at the time the plant was taken over. If the disposal plant was not then in good working order and required reconstruction, that would certainly be an item of depreciation. If the condition of the manhole bottoms was such at that time as to require repair, that would also be an item of depreciation. Offers of evidence as to these matters were clearly relevant, and should have been admitted. They were offered as separate items, and apparently to make clear the claim for depreciation of the system; if the amounts were included in other general statements that could have been shown by cross-examination. The second, third and thirteenth assignments of error are sustained.

We see no merit in the sixth and seventh assignments of error. The testimony, of which complaint is there made, is that of witnesses who were all apparently well qualified to give evidence as to the matters of which inquiry was being made.

In the eighth assignment of error complaint is made of the admission of testimony as to the amount of money which the company had borrowed and was owing for development work. This was an immaterial matter. The question to be ascertained was the value of the sys-

tem, and the amount of the company's indebtedness had nothing to do with that question. Its admission could only tend to confuse the jury. Whether the company used cash in the treasury or borrowed money to pay the cost of construction would make no difference. This assignment is, therefore, sustained.

In the tenth assignment of error, complaint is made that the court below erred in refusing to strike out certain testimony as to expenditures for betterments. The trial judge was evidently in doubt as to the propriety of admitting the evidence, the witness being uncertain as to the application of the money, but he finally stated that he would allow it to remain for the time being. Had the request for its exclusion been renewed, it might have been granted. In the absence of such a renewed request, we do not feel that the trial judge should be deemed to have erred in this respect.

In the nineteenth assignment of error, complaint is made of the answer of the court below, to defendant's eighth point for charge, which point and the answer, was, as follows: "If the jury believes that the sewers were constructed by the company eleven years ago, and were operated at a loss for about ten years, since when the system has been operated at a profit, and that the company has incurred an indebtedness of about $135,000 to pay the cost of construction, operation and the development of the business to a point where the revenue derived therefrom is sufficient to pay operating expenses and return a profit, then the jury may consider such facts, and determine whether or not the company has suffered additional loss by being deprived of a growing business under such circumstances." The point was answered as follows: "If the jury find from all the evidence the facts as presented in this point, then the point is affirmed." It is contended by counsel for appellant that there was not sufficient testimony upon which to base this point, and that under it, the jury was permitted to include the amount of deficits, or losses in the busi-

ness, as an element of value in the system. It seems to us that the point is open to this latter objection. If the going value of a concern is to be fixed in part by including losses in operation, then a premium may be placed upon poor judgment, misfortune or bad management. The greater the loss, the greater would be the value of the plant. Such a theory cannot be accepted as sound. In Appleton Waterworks Co. v. Railroad Commission of Wisconsin, 142 N. W. Repr. 476, the Supreme Court of Wisconsin says: "The actual original cost of establishing the business of an existing plant, is clearly unsatisfactory to the last degree, as a test of going value, because it may have been wasteful and extravagant." This observation would be even more true as applied to losses incurred in the operation of the business.

In the present case the defendant company was undoubtedly entitled to compensation for the value of its business as a going concern and for whatever its franchise could actually be shown to be worth. But it must be remembered that it had no perpetual privilege and permission to operate was granted to it only under the express provisions of the statute which empowered the municipality to become at any time the owner of the sewerage system, and to take over the property of the company, by paying the actual value at the time of taking. The sewer company had the right to carry on its business in the borough only until such time as the municipality chose to exercise its right of purchase. It is difficult to see how there could be any appreciable amount of value in such a determinable franchise as that. The company must be regarded as having accepted the privilege of constructing and operating a sewer system, upon the condition that it would sell that system and the property used in connection therewith, to the municipality, for its fair and reasonable value, at the time when the municipality should see fit to take it over. The point in question ignored these features, and they do not seem to have been brought to the attention

of the jury in any other portion of the charge. We sustain the nineteenth assignment of error, and as we have already indicated, the first, second, third, fourth, eighth and thirteenth assignments are also sustained.

The judgment is reversed with a venire facias de novo.