## 10472

### STEPHENSON v. BALDWIN COTTON MILLS.

#### (103 S. E. 710.)

1. APPEAL AND ERROR—ADMISSION OF EVIDENCE WITH QUALIFICATION NOT ERROR, IN ABSENCE OF MOTION TO STRIKE.—The admission of evidence, which the Court admitted with the qualification that he would strike it out unless the defendant connected it up with certain subjects, will not be held reversible error, where defendant at no time moved to have the evidence stricken.

2. FALSE IMPRISONMENT—ONE CAUSING SPECIAL CONSTABLE TO MAKE ARREST ON DEFECTIVE WARRANT LIABLE.—Where .industrial constable was appointed a special constable to serve warrant procured by a corporation to collect a debt, and where the constable arrested plaintiff outside of his baliwick by virtue of being special constable, and not as industrial constable and took plaintiff to the corporation and not before the magistrate, the constable, in making arrest on defective warrant, was the agent of the corporation, rendering the corporation liable to plaintiff for damages for false arrest.

Before SEASE, J., Chester, Fall term, 1919. Affirmed.

Action by W. A. Stephenson against Baldwin Cotton Mills for false arrest and imprisonment. From judgment for plaintiff, the defendant appeals.

*Messrs. Gaston & Hamilton,* for appellant, cite: *Appointment of peace officers for industrial corporations:* 1 Civ. Code 1912, secs. 1149-1153. *And such corporations not responsible for malfeasance in office: Ibid.,* sec. 1152. *Jurisdiction to extend to territory within radius of one mile of main building: Ibid.,* sec. 1149. *Party arrested under proper legal process even though for another purpose cannot maintain action for false arrest:* 29 S. C. 192; 104 S. C. 149; 21 A. & E. Ann. Cas. 756. *Action will not lie against officer or party who sued out warrant:* 62 S. C. 91; 73 S. C.

181.    *Where warrant is voidable for error only, party suing.
it out not liable:* 12 Enc. Law (2d Ed.) 756.    *No liability
where error is on part of magistrate or officer of the law
issuing warrant, where correct statement of facts made by
party suing out warrant:* 11 R. C. L. 808.    *Complaint states
elements of action for malicious prosecution, but such action
must allege termination of suit:* 108 S. C. 486; 59 S. E. 232
(Ga.); 13 L. R. A. (N. S.) 549; 16 S. C. 387.    *Necessary
elements of suit for malicious prosecution:* 107 S. C. 182.
*Defenses available:* 16 S. C. 401; 108 S. C. 487; 86 Fed.
405; 30 C. C. A. 140; 50 Atl. 838 (R. I.).    *Where no force
is used, the fact that a person considers himself restrained in
person is not sufficient:* 65 S. E. 159 (N. C.)

*Messrs. Hemphill & Hemphill* and *Samuel E. McFadden,*
for respondent, cite: *Peace officer was agent of the mill:* 2
Corp. Jur. 420; Evans Agency, par, 1.    *Arrest under war-
rant based on statement of fact supported by neither oath
or affirmation is illegal and void:* 51 S. C. 51; Crim. Code
1912, sec. 28; 9 S. C. 309.    *Necessary elements of false
imprisonment:* 1 Cooley on Torts, 296, 297.    *If party issu-
ing warrant participated in arrest, he is liable:* 1 Cooley on
Torts 314, 319; 95 S. E. 138.    *Action for false arrest and
imprisonment was proper one:* 29 S. C. 180, 193; 73 S. C.
188; 57 S. C. 205.    *Agency may be inferred from circum-
stances of case:* 101 S. C. 860.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action for damages.    The case was tried
before Judge Sease and a jury at the Fall term of Court,
1919, for Chester county, and resulted in a verdict for plain-
tiff for the sum of $1,000.    After entry of judgment, appel-
lant appeals, and by five exceptions imputes error.

The suit was for false arrest.   The exceptions allege error in admitting over their objection evidence attacking the warrant, and as to conversation of Industrial Constable Garner at the time of the arrest.   The exceptions contend that defendant is not liable for the acts of Industrial Constable Garner, and that the warrant is valid on its face; that the magistrate, who issued the warrant, and Garner, who procured the same, are alone liable for the irregularity in the warrant, and the suit cannot be maintained; that the suit should have been on the official bond of Garner, or for malicious prosecution; and in refusing defendant's motion for a directed verdict and motion for a new trial.

When certain testimony was objected to during the progress of the trial, his Honor said: "I will allow it to come out, and if it doesn't connect with the defendant I will rule it out."

After that no motion at all was made, at any time, to strike out any of the testimony objected to.   So it went to the jury as competent evidence for their consideration. Defendant, though warned by the Court that it would strike out evidence objected to, unless the plaintiff connected it with the subject of agency, did not avail itself of this right and made no motion to strike out.

The proof showed positively that the constable knew the warrant was defective.   The constable was not acting as an industrial constable, but as a special constable, for the warrant had this indorsed on it: "I hereby appoint B. M. Garner special constable to execute the within process.   W. H. Shannon, Magistrate."

Industrial Constable Garner went out of his bailiwick 1½ miles and arrested the plaintiff, not by virtue of being an industrial constable, but as a special constable.   After the arrest he did not carry him before the magistrate who issued the warrant, but carried him to Baldwin Mills, to the office of the superintendent of the mills, and turned the war-

rant over to Lucas. The evidence is conclusive that the warrant was gotten out by the authorities of the mill, to collect the debt. The plaintiff never was at any time brought before the magistrate who issued the warrant, and the magistrate never had the warrant, after it was turned over to Garner. There was ample testimony for the jury to find that B. M. Garner was the agent of Baldwin Mills, and there is sufficient evidence to hold Baldwin Mills responsible for the acts of its agent, Garner, notwithstanding the fact that at that time he also held the position of deputy sheriff or peace officer for industrial corporation.

The evidence is sufficient that Garner, Etters, and Lucas were agents of the mill, acting within the scope of their authority, and that the mill is responsible for their acts.

There is no doubt, from the evidence, that the plaintiff was falsely arrested, and restrained of his liberty without lawful authority, and wrong and indignity put upon him, and he has ample testimony to sustain the remedy he pursued.

We see no error as complained of. All exceptions are overruled, and judgment affirmed.