12019

ARMSTRONG v. ATLANTIC COAST LINE R. CO., *ET AL.*

(133 S. E., 826)

1. APPEAL AND ERROR.—Where testimony was admitted with statement of judge that, on being shown authority, he would strike it out, alleged error in reference to admission will not be considered on appeal, in absence of later motion to strike.

2. APPEAL AND ERROR.—Before admission of testimony objected to can be considered by Appellate Court, it must appear that trial judge made final ruling as to admissibility.

Before RICE, J., Barnwell, July, 1923. Affirmed.

Action by W. W. Armstrong against the Atlantic Coast Line Railroad Company and others. Judgment for plaintiff, and defendants appeal.

*Messrs. Douglas McKay* and *Harley & Blatt* and *John J. Murray,* for appellants, cite: *Criteria for determining whether improper testimony having probative value is prejudicial:* 108 S. E., 363; 94 S. C., 143; 77 S. E., 868. *Declaration of agent admissible to bind principal only when part of res gestae:* 108 S. E., 363; 101 S. C., 450; 86 S. E., 2; 84 S. C., 190; 65 S. E., 1047; 137 A. S. R., 839; 27 L. R. A. (N. S.), 435; 27 S. C., 63; 2 S. E., 837; 5 S. C., 358; 4 S. C., 153. *Admission of agent acting within scope of his employment admissible to bind principal:* 104 S. C., 214; 88 S. E., 534; 103 S. C., 270; 87 S. R., 1016; 103 S. C., 266; 88 S. E., 18; 84 S. C., 190; 65 S. E., 1047; 137 A. S. R., 839; 27 L. R. A. (N. S.), 435; 82 S. C., 456; 64 S. E., 232; 65 S. C., 148; 43 S. E., 388; 62 S. C., 127; 40 S. E., 111; 50 S. C., 25; 27 S. E., 611; 41 S. C., 312; 19 S. E., 675; 39 S. C., 441; 17 S. E., 998; 28 S. C., 159; 5 S. E., 470; 27 S. C., 63; 2 S. E., 837; 19 S. C., 353; 17 S. C., 514; 5 S. C., 358; 11 Rich. Law, 367; 119 U. S., 551; 7 Sup. Ct., 318; 30 L. Ed., 515; 119 U. S., 99; 7 Sup. Ct., 172; 30 L. Ed., 229. *Admission of agent to bind principal must be statement of fact to be admissible:* 19

S. C., 353; 4 S. C., 153. *Burden on party seeking to use admission of agent to prove competency:* 17 S. C., 514; 5 S. C., 358. *Remarks made by one not at scene of accident inadmissible:* 120 S. E., 381. *Statement not part of res gestae:* 86 S. C., 98; 67 S. E., 899.

*Messrs. J. O. Patterson, Jr.,* and *Jas. A. Kennedy,* for respondent, cite: *Declarations of agent within scope of his authority admissible against principal:* 79 S. C., 447; 56 S. C., 144; 50 S. C., 25; 41 S. C., 177; 12 Rich. Law, 634; 1 A. & E. Enc. of Law, 691; 1 R. C. L., 508 and 513; McKelvy on Ev., 347; 1 Greenleaf on Ev., Secs. 113 and 114. *Opinion evidence not prejudicial no ground for new trial:* 4 S. C., 155. *Admissibility of post rem statement of agent:* 131 A. S. R., 315; 1 R. C. L., 510.

June 30, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

An action for damages for personal injuries, alleged to have been received by the plaintiff through the negligent and willful acts of the defendants.

The appeal taken by the defendants in this case was argued at the February, 1925, term of this Court, and the judgment below was affirmed by a divided Court. Later the Court, on petition of appellants, granted a rehearing, and the case was reargued at the May, 1926, term.

The plaintiff alleges in his complaint that, at the time he received the injuries complained of, he was in the employ of one G. W. Green, Jr., who was engaged in the manufacture and sale of crate material, etc.; that in the performance of the duties required of him by his employer, he went to Kingstree, in this State, on the 16th day of May, 1922, for the purpose of having properly packed in cars heavy crate material, to be shipped from Kingstree to Williston, S. C.; that the agent of the defendant railroad company at Kingstree, one J. M. Hardin, furnished and pointed out to him

the cars to be so used; and that some time during the day of May 18, 1922, while engaged in doing this work, the defendant company's freight train of cars, operating from Florence to Charleston, commonly known as the local freight, came in on the side track where the cars being loaded by the plaintiff were standing, and, although he warned the brakeman and engineer that he was unable to get out of the car and that he would be injured by reason of the heavy crates being thrown upon him, etc., if the freight train should be backed against the car in which he was, such warnings and entreaties were disregarded, and the said freight train was backed violently against the said car, with the result that the heavy crate material was thrown upon the plaintiff to his great hurt, damage, and permanent injury. The defendants answered by a general denial.

The jury awarded the plaintiff damages in the sum of $5,000; and the defendant appealed from the judgment of the Court below, asking this Court to reverse the judgment for the following reason:

"Because his Honor erred, it is respectfully submitted, in permitting the plaintiff to testify as to remarks said to have been made by the railroad agent some time after the alleged accident, to the effect that Wells and that crew were a set of fools, and that he (the agent) had had to report them before for carelessness. This constituted error:

"(a) In that it was not part of the *res gestae*.

"(b) In that it was a statement of opinion on the part of an agent, not only concerning an incident of which he was not a witness, but also imputing negligence to his principal some time after the event." ·

The testimony admitted by the Circuit Judge, and which is complained of by the appellant as being objectionable and prejudicial, is as follows:

"Q. What did he say to you, and what did you say to him? A. I showed him where they had placed that car in the place that I was loading, and he said that·Mr. Wells and

that crew that operated that freight was a set of fools, and that they would never have left it there if they had not been——

"Mr. Harley: We object to that. I understand that it was after the accident.

"Mr. Patterson: We allege that they employed incompetent. employees.

"Mr. Patterson (continuing) : Q. What did he say he had done on previous occasions regarding that crew?

"Mr. Harley: That conversation was after the accident, and, therefore, not a part of the *res gestae,* and, therefore, not competent.

"The Court: Would it or not be any evidence of conditions that existed before the accident there?

"Mr. Harley: The general rule is, it is not admissible because of the conversations which happened afterwards.

"The Court: The question was not directed as to that, but it is as to whether or not this was a competent crew.

"Mr. Harley: Counsel asked him what did the agent state after this thing happened as to the competency of the crew or what they did.

"The Court: If it is directed as to the competency of the train crew, I will let it come in.

"Mr. Harley: Please note an exception.

"The Court: Yes, sir.

"Mr. Patterson (continuing) : Q. What did the agent say to you as to the competency of that crew?

"Mr. Harley: We object upon the ground that the statement of the agent of the defendant as to the competency of the train crew, it not being a part of the *res gestae,* is incompetent and inadmissible, under the case of *Templeton v. C. & W. C. Railway Company.*

"The Court: I would like to see your authority. I will let it in now, and if I am wrong will strike it out.

"Mr. Patterson (continuing) : Q. What did he say? A. He said that he had to report them for their negligence, and seemed to regret that I was hurt.

"Mr. Harley: We move to strike that out on the ground that the statement of the railroad company, made after the accident alleged in the complaint, is inadmissible and incompetent.

"The Court: The motion is refused. I will refuse the motion at this time."

The appellant contends that this alleged conversation between the plaintiff and the station agent relative to the train crew was incompetent and inadmissible as testimony, and states frankly that its case stands or falls with the Templeton Case. *Templeton v. Charleston & W. C. Ry. Co.,* 117 S. C., 44; 108 S. E., 363.

Whether or not the testimony in question was admissible is not material to this decision, as the judgment below should be affirmed on another ground. When the testimony was offered, it was objected to by Mr. Harley, the appellant's counsel, who cited as authority for his objection the case of *Templeton v. C. & W. C. Ry. Co.* The trial judge then said to Mr. Harley: "I would like to see your authority. I will let it in now, and if I am wrong *will strike it out.*" The testimony was then given, and upon Mr. Harley's making a motion to strike it out, the Court said: "The motion is refused. I will refuse the motion *at this time.*"

It will be observed that this entire colloquy related to the same testimony and it is perfectly clear that the trial Judge admitted it only tentatively. The appellant's counsel was squarely put on notice that the ruling as to the admissibility of the testimony in the first instance and as to the motion to strike it out in the second instance was in no sense final. Further, the judge specifically stated to appellant's counsel that he wanted to see the authority mentioned, and that, if he was wrong in admitting the testimony, he would strike it out. Careful examination of the record does not disclose that at any time thereafter during the trial or at the close thereof did counsel for the appellant show his authority to the judge or renew his motion to strike out the objectionable

testimony, and alleged errors in reference thereto will not now be considered by this Court.

In 3 C. J., 824, we find:

"But an assignment of error in the reception of evidence will not be considered, where it appears that the Court admitted the evidence subject to exceptions or otherwise postponed without objection a decision as to the admissibility of the evidence, and a subsequent ruling was not sought by a motion in accordance with the conditions prescribed by the Court."

This rule is supported by numerous authorities. In *Stephenson v. Baldwin Cotton Mills*, 114 S. C., 367; 103 S. E., 710, the Court said:

"When certain testimony was objected to during the progress of the trial, his Honor said: 'I will allow it to come out, and if it doesn't connect with the defendant I will rule it out.' After that no motion at all was made, at any time, to strike out any of the testimony objected to. So it went to the jury as competent evidence for their consideration. Defendant, though warned by the Court that it would strike out evidence objected to, unless the plaintiff connected it with the subject of agency, did not avail itself of this right, and made no motion to strike out."

In *Jones v. Devereux*, 99 S. C., 513; 73 S. E., 1027, objection was made to the introduction of a plat of certain lands on the ground that it had nothing to do with the chain of title. The trial Judge said:

"I cannot tell what papers are relevant and what are not. When you go to discuss the evidence, after all the papers are in, you can then make your objections, and I will pass on them."

An exception based on admission of this plat in evidence was overruled by this Court upon the ground that:

"The record fails to show that his Honor, the presiding Judge, was thereafter requested to rule upon said objection."

The case of *Stasiak v. Kalucki* (Mo. App.), 255 S. W.,

978, was an action against the administrator of the estate of a decedent, for the recovery of a certain sum of money and to have same adjudged a trust fund and charged as a preferred lien upon the assets of the estate. Certain testimony was given by the plaintiff, objected to by the defendant, the trial Judge reserving the ruling upon the objection. The plaintiff did not later move to strike out the objectionable testimony Upon appeal, the St. Louis Court of Appeals said:

"Plaintiff testified on his own behalf, detailing the transaction between him and Kalucki. His testimony was objected to by defendant on the ground that the other party to the transaction was dead. The trial Judge reserved his ruling upon the objection, announcing that he would hear the evidence subject to the objection. The plaintiff made no objection and took no exception to this course of procedure adopted by the Court, and did not afterwards request the Court to rule on the objection or to exclude the evidence objected to, and so far as the record shows the Court did not at any time rule upon the objection. In view of this complacent and passive attitude of the defendant in the trial Court, she cannot be heard to complain here for the failure of the Court to exclude this evidence."

To the same effect is *Goodman v. Saperstein*, 115 Md., 678; 81 A., 695 (quoting syllabus):

"No error can be imputed to a trial Court in overruling a motion to strike out a certain answer, where the Court admitted it, subject to objection, and it was not followed up by a motion for its exclusion at the close of all the party's evidence."

The Supreme Court said, in support of its position in overruling the exception raising the point:

"The action of the Court does not appear to have been *a final ruling* upon the admissibility of this answer." (Italics added.)

In *Burger v. Omaha Railway Co.*, 139 Iowa, 645; 117 N.

W., 35; 130 Am. St. Rep., 343, the Court held (quoting syllabus) :

"Where an objection to evidence was properly overruled when made, the fact that it later appeared that the evidence was incompetent is not available on appeal, where no further action was taken in regard to it."

In *Grand Fountain v. Murray,* 88 Md., 422; 41 A., 896, we find:

"As the evidence was admitted subject to exception, and as no motion was made at the close of the testimony to exclude the evidence thus conditionally admitted, *there was no final ruling* that can be reviewed on this appeal." (Italics added.)

In *Ashdown v. Ely,* 140 Iowa, 739; 117 N. W., 976, the Court said:

"Some objectionable evidence was received subject to the objection of the plaintiff. In receiving the same, the Court stated that it would rule on the objection later, and determine at that time whether the evidence should be permitted in the record. The plaintiff did not afterward bring the matter to the attention of the Court, nor ask for a ruling, nor save an exception on the record; therefore, we are not warranted in reversing the case and awarding a new trial, although a larger verdict for plaintiff would have been justified under the testimony."

In *Moneyweight Scale Co. v. McCormick,* 109 Md., 170; 72 A., 537, the Court held:

"Where evidence is admitted subject to exception, and there is nothing to strike out, the party excepting cannot get the benefit of his exception in this Court."

In *Bitzer v. Bobo,* 39 Min., 18; 38 N. W., 609, we find:

"The (trial) Court stated that the testimony would be taken with the understanding that the rulings should not be permanent, and that he would consider them on a motion to strike out the testimony. The error assigned is not that the Court thus postponed its ruling; but that it received this

testimony.   The unexplained 'exception' here noted is not deemed as having been intended to apply to the peculiar form of this ruling, which really postponed the decision, as to the admissibility of the testimony, until the question should be again raised by motion to strike it out.  If intended, as we think it was, an exception to the receiving of the testimony as evidence in the case, it raises no question of error to be now considered.  The defendant should have sought a ruling upon this question by a motion to strike out the testimony, in accordance with the conditions upon which it was received, and to which the defendants do not appear to have objected."

This case is almost exactly parallel to the case at bar. Although the language used by the respective trial Judges in admitting the testimony is not identical, its import in each case is the same.  In each case the trial Judge clearly indicated that his action in admitting the testimony *was not final,* and that he would thereafter hear objections on a motion to strike out the testimony, and in each case no further effort to secure a final ruling on a motion to strike out was made.   Under no construction can the motion to strike out with the Judge's ruling thereon, in the case at bar, be considered a final settlement of the question of admissibility.

*Kimball v. Horticultural Fire Relief of Oregon et al.,* 79 Ore., 133; 154 P., 578, was an action on a fire insurance policy.   Certain testimony of the plaintiff was admitted, over objections of the defendants, upon certain conditions. The defendant did not later move to strike out the objectionable evidence.  The defendant appealed and complained of error on the part of the trial Court in admitting the testimony the Supreme Court of Oregon, speaking of the trial Court said:

"The Court, over objection and exception, but with the promise that the testimony would subsequently be connected, permitted the plaintiff, as a witness in his own behalf, to state that after the fire he left with an attorney at Albany,

Ore., a package of papers pertaining to the loss; that some time thereafter these papers were taken to Salem in this State and left with another attorney, where they remained several months, and then were delivered to the attorney who instituted this action. No testimony was offered tending to render such sworn statements material. The Court and counsel evidently forgot the matter until after the cause was submitted. The defendant's counsel should have interposed a motion to strike out the testimony so objected to, but not having done so, no error, under the circumstances, can be imputed to the Court."

The case of *Curcuru v. Peninsular Electric Light Co.,* 258 F., 785; 170 C. C. A., 79, is directly in point. Vicenzo Curcuru, a young man, was employed by the Jackson & Maurice Company as a workman on a cement building which they were erecting. While thus employed and at work upon the building, he came in contact with the electric wires of the defendant company, and was instantly killed. The administrator of his estate brought an action for damages. During the trial of the case, the defendant company offered evidence, objected to by the plaintiff, tending to show that the Jackson & Maurice Company, the employers of the deceased, took out insurance upon the lives of their employees, and that a claim had been filed under the compensation act and then suspended. The Court admitted the testimony, subject to a motion to strike out. No motion, however, was made thereafter by the plaintiff to strike out the testimony objected to. An appeal was taken by the plaintiff; one of the grounds being that the trial Court erred in admitting the testimony objected to. In passing upon this question, the Court of Appeals said:

"It is insisted that the trial Court erred in admitting testimony relative to the insurance which had been taken out by the Jackson & Maurice Company upon the lives of their employees, pursuant to the Compensation Act, whereby that act had become applicable and its restrictions took

effect, and in admitting testimony that a claim had been filed under the Compensation Act, and then suspended. All of this testimony, however, was offered by the defendant (and apparently in good faith) pursuant to the notice of the defenses it would make and the testimony it would offer at the trial. Objection was made by the plaintiff to the admission of this testimony, and the Court said: 'We might proceed to other testimony, and come to this question afterwards. The testimony so far may stand, subject to a motion to strike out.'

"No motion of that character was made by the plaintiff. In this situation it seems to the Court that, the testimony having been offered during the trial pursuant to the defendant's notice, it was at least tentatively admissible, though subject to be stricken out upon plaintiff's motion after the conclusion of all the testimony, and especially if it should then appear to the Court that it ought not to effect the jury's verdict. No such motion having been made, it would not be fair, either to the trial Court or to the defendant, to hold otherwise than that plaintiff by that failure waived his objections."

It is clear from the cases cited that, before the admission of testimony objected to at the trial can be considered by the appellate Court as a basis for review, it must appear that the trial Judge made a *final ruling* as to the admissibility of the testimony. This is especially true where the Judge clearly indicates certain conditions upon which the testimony admitted may be stricken out and these conditions are not complied with by the objecting party. In the case at bar we do not see how the trial Judge could have indicated more unmistakably that he was reserving *final decision* on the admissibility of the testimony, and he specifically requested the appellant's counsel to show him the case relied upon to exclude the testimony. It is difficult to see what more he could have done to show that his *final ruling* was held in abeyance pending his decision upon the

point raised by the appellant's counsel after examination of the case relied on. It does not appear anywhere in the record that appellant's counsel thereafter brought his authority to the attention of the trial Judge, or renewed his motion to strike out the testimony, or demanded a *final ruling* as to the admission of the testimony or as to his motion to strike it out after it was tentatively admitted. It is a salutary rule that requires a *final ruling* on the admission of testimony before an exception based thereon can be reviewed by an appellate Court, as without a demand for a *final ruling* the trial Court and the opposing litigant, as suggested in the *Curcuru case,* may well assume that the objection has been waived. The exception of appellant cannot be sustained.

The judgment of this Court is that the judgment of the Circuit Court should be and is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE concur.

MR. JUSTICE BLEASE: I agree fully with the views of Mr. Justice Stabler. In addition, I am inclined to the opinion that the testimony objected to was competent.