## LEACH v. FREDERICK et al.*
### (No. 1288; March 1, 1927; 253 Pac. 669.)

APPEAL AND ERROR—REJECTION OF EVIDENCE SUBJECT TO OBJECTION—
FAILURE TO RENEW OBJECTION—ASSIGNMENT OF ERROR.

1. In action on note, assignments of error based on alleged improper admission of evidence of fraud in inception and delivery could not be considered, where plaintiff, after objecting at trial, consented to reception of evidence subject to objection, and failed thereafter to renew objection or ask for reconsideration; court making no ruling.

2. In action on note, assignment of error based on court's entering judgment in favor of defendants and against plaintiff, with reference merely to page of transcript where judgment is set forth, cannot be considered on appeal, for failure to state proposition or point to be considered in determining whether or not there was error, or to specify any particular ruling relied upon as error.

*See Headnotes: (1) 3 CJ p. 749 n. 42; p. 823 n. 38. (2) 3 CJ p. 1364 n. 83; p. 1385 n. 52.

APPEAL from District Court, Goshen County; CYRUS O. BROWN, Judge.

Action by D. C. Leach against Charles Frederick and another. Judgment for defendants, and plaintiff appeals.

*Edwin L. Brown,* for appellant.

Plaintiff's evidence showed that he had no knowledge of defects of title and that he acquired the note, prior to maturity, for a valuable consideration; his possession of the note at the trial, with an endorsement by one whose name is identical with that of the payee, is prima facie evidence of title in the holder; Gumaer, v. Sowers, 31 Colo. 164, 71 P. 1103. Even if he is not a holder in due course, he is entitled to judgment: if he meets the defense interposed by defendants; 3982 C. S.; Mc Donald v. Mulkey, (Wyo.) 231 P. 662. The only defense pleaded is a general denial; no facts were pleaded or proven showing fraud;

Bates Pl. and Pr., Vol. 2, 1698; Smith v. Stone, 21 Wyo. 62. Damages are allowed to compensate for loss sustained as a result of a consummation of the contract; the election of remedies and pursuit of one removes all others; 20 Cyc. 87. Defendants cannot recover damages and resist payment of the notes.

*Kinkead, Ellery & Henderson,* for respondents.

The first two assignments of error should not be considered; the errors complained of not being designated, and no exceptions taken to rulings as to either; 6405-6408 C. S.; Schmidt v. Bank, (Wyo.) 212 P. 651; Wright v. Walker, (Wyo.) 225 P. 75; Turner Co. v. Anson, (Wyo.) 142 P. 1052. Plaintiff joined an issue of fraud in his pleadings; Phillips on Code Pleading, 287; City of Rawlins v. Jungquist, 16 Wyo. 403; Grover Irrigation Co. v. Ditch Co., 21 Wyo. 204. A note does not become an obligation until there has been a delivery thereof; 3949 C. S. Wrongful delivery is not a legal delivery, and creates no liability; Joyce on Defenses, 491; Settles v. Moore, (Mo.) 129 S. W. 455; Davis v. Bauer, (Colo.) 68 P. 292; Bank v. Marden, (Mass.) 125 N. E. 384; Mills v. Williams, 16 S. C. 593; Stringer v. Ade, 98 Ind. 539; Thompson v. Finch, 195 N. W. 744; Mc Knight v. Parsons, (Ia.) 113 N. W. 859; Bank v. Luckow, (Minn.) 35 N. W. 434; 3988 C. S. The following Sections of the Negotiable Instrument Law should be considered in deciding the character of plaintiff's holding; 3956, 3961, 3963, 3982, 3991, 3992, and 4124 C. S. The burden was upon plaintiff to prove that he had paid value for the note before its maturity and that it was endorsed by the payee; Holsworthy v. Blythe, 23 Wyo. 52; Glendo State Bank v. Abbott, (Wyo.) 216 P. 700; Bank v. Bank, 24 Wyo. 423. Credibility of witnesses is for the jury; Bank v. Bank, (Ia.) 194 N. W. 233; Bank v. Diefendorf, (N. Y.) 25 N. E. 402. Endorsement must be proven; Gumaer v. Sowers, (Colo.) 71 P. 1103; Marks v. Monson, 149 P. 440. The

notes are a part of the contract; Quinlan v. St. John, 28 Wyo. 91.

KIMBALL, Justice.

This is an action on a promissory note signed by the defendants, payable to R. E. Wilkinson. Plaintiff claimed to be the holder in due course by endorsement. The defendants claimed that their signatures to the note had been procured by false and fraudulent representations; that the note was never delivered for the purpose of giving effect thereto, and that the plaintiff was not a holder in due course. The case was tried without a jury, and the judgment on a general finding was for the defendants. The plaintiff brings the case here by appeal.

In the answer, the fraud in procuring defendants' signatures was pleaded in a most general way, without setting forth the representations. On the question of delivery, it was alleged that the note "was never delivered but that possession thereof was fraudulently procured by some one to these defendants unknown."

The assignments of error are that the trial court erred in the following particulars:

"First. In receiving in evidence, over the objection of the plaintiff, any evidence of fraud of any kind and character as to fraud connected with the inception of the note in suit. (Transcript p. 40-41.)

"Second. In receiving in evidence, over the objection of plaintiff, any evidence as to a fraudulent delivery of the note in suit, the subject of the action. (Transcript p. 53-54.)

"Third. In rendering, making and entering judgment in favor of the defendants, respondents, and against the plaintiff, appellant. (Transcript p. 84.)"

The first assignment of error refers to the introduction of certain evidence by the defendants on the question of fraudulent representations made in procuring the signatures to the note. The plaintiff objected to the evidence

on the ground that the answer was insufficient to charge fraud either in procuring the signatures to the note or in the delivery thereof. The trial judge said that he was inclined to think the objection good unless he were shown some authority to the contrary. Counsel for defendants then suggested that the evidence be received subject to objection, and that course was pursued. To the action of the trial court in receiving the evidence subject to a later ruling as to its admissibility, the plaintiff made no objection. There is nothing in the record to show that the court ever ruled on the objection to the evidence, or that it was ever asked to do so, or that it was ever asked to refuse to consider the evidence to which the objection was directed. The second assignment of error refers to a similar objection and similar proceedings during the course of the examination of another witness.

When the plaintiff acquiesced in the course pursued, and did not renew his objection by asking a ruling at some future stage of the trial, he was not in a position to assign as error the reception of the evidence. He should have obtained a ruling on which to base an exception. Hanover v. Hanover Sewer Co., 251 Pa. 95, 96 Atl. 132; Jones v. Devereaux, 90 S. C. 513; 73 S. E. 1027; Cawthorn v. State, 119 Ga. 395, 411; 46 S. E. 897; Cururu v. Peninsular Elec. L. Co., (C. C. A.) 258 Fed. 785; Stasiak v. Kalucki, (Mo. App.) 255 S. W. 978; Ashdown v. Ely, 140 Ia. 739, 117 N. W. 976; Bitzer v. Bobo, 39 Minn. 18, 38 N. W. 609; Grand Fountain etc. v. Murray, 88 Md. 422, 41 Atl. 896.

If the objection, based on the insufficiency of the answer, had been sustained, the defendants might have obtained leave to amend.

The third assignment of error is insufficient because, as said in Hall Oil Co. v. Barquin, 28 Wyo. 151, 154, 201 P. 160, ''it states no proposition or point to be considered in determining whether or not there was error in rendering and entering the judgment, and does not specify or refer

to any particular ruling relied upon as error to reverse the judgment.'' The reference to the page of the transcript merely directs us to the page of the record where the judgment is set forth.

The judgment of the district court will be affirmed.

*Affirmed.*

BLUME, Ch. J., and POTTER, J., concur.